IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT O. BALL,

                Plaintiff,                        CV-05-763-ST

       v.                                          FINDINGS AND
                                                               RECOMMENDATION

KARALEE SIMMERMAN,

                Defendant.

STEWART, Magistrate Judge:

**<u>INTRODUCTION</u>**

Plaintiff, Robert O. Ball, appearing *pro se*, has filed an application to proceed *in forma pauperis* (docket #1). His application reveals that he has not been employed full-time, is currently unemployed, and has limited assets. Hence, plaintiff cannot afford the costs of this proceeding and his application for *in forma pauperis* status should be granted. However, for the reasons set forth below, his Complaint should be dismissed for lack of subject matter and personal jurisdiction without service of process.

1 - FINDINGS AND RECOMMENDATION

**STANDARDS**

"In federal court, dismissal for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Cervantes v. City of San Diego*, 5 F3d 1273, 1274 (9th Cir 1993), quoting *Hishon v. King & Spalding*, 467 US 69, 73 (1984); *Tanner v. Heise*, 879 F2d 572, 576 (9th Cir 1989). In making this determination, this court accepts all allegations of material fact as true and construes the allegations in the light most favorable to the nonmoving party. *Tanner*, 879 F2d at 576.

Federal courts are courts of limited jurisdiction and a case is presumed to fall outside a federal court's jurisdiction unless proven otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 US 375, 377 (1994). A district court is empowered to hear only those cases which are within the judicial power conferred by the United States Constitution and those which fall within the area of jurisdiction granted by Congress. *Richardson v. United States*, 943 F2d 1107, 1112-13 (9th Cir 1991), *cert denied*, 503 US 936 (1992). Original jurisdiction must be based either on diversity of citizenship, involving suits involving more than $75,000 between citizens of different states, 28 USC § 1332, or on a claim involving the Constitution, laws, or treaties of the United States, 28 USC § 1331.

Under Rule 12(h) of the Federal Rules of Civil Procedure, this court is required to dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter." *Augustine v. United States*, 704 F2d 1074, 1077 (9th Cir 1983).

///

///

## DISCUSSION

Plaintiff alleges that his sister, defendant Karalee Simmerman:

> has discriminated against Plaintiff (male) based on Sex/Gender and Religion when on Dec. 31, 2004, Defendant (female) failed to allow Plaintiff to choose a song/hymn of his choice to be played/sung at Plaintiff['s] and defendant[']s Grandmother['s] Memorial Service, yet Defendant allowed another female to choose a song to be played/sung at this Memorial Service which Defendant had planned/organized for our Grandmother Elora Riddle who passed away Dec. 28, 2004.

In the attachment to the Complaint, plaintiff states that defendant violated his freedom of religion guaranteed by the First Amendment to the United States Constitution and also violated his First Amendment rights based on sex and gender discrimination. As a result of this act and other alleged slights by defendant, plaintiff seeks $11 million in damages.

Based on an alleged violation of the First Amendment, plaintiff apparently contends that this court has jurisdiction under 28 USC § 1331 which grants federal district courts original jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States."

## I. Subject Matter Jurisdiction

Although plaintiff clearly has a grievance with his sister, he has no remedy against her under the First Amendment to the United States Constitution. The First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press, or the right of the people to peaceably to assemble, and to petition the Government for a redress of grievances."

The First Amendment does not refer to, or even purport to address. discrimination against a person based on sex or gender. Plaintiff may be confusing the First Amendment with Title VII

3 - FINDINGS AND RECOMMENDATION

of the Civil Rights Act of 1964, 42 USC § 2000e *et seq.* ("Title VII"), the federal law which prohibits employment discrimination based on sex. Yet because plaintiff's claim do not arise out of his employment, he can state no claim against his sister for violating Title VII.

Plaintiff is correct that the First Amendment guarantees his "free exercise" of religion, but only with respect to Congress enacting laws that prohibit the free exercise or religion. The First Amendment does not guarantee that a person has a right to prevail in the choice of a hymn sung at a memorial service in spite of the wishes of other family members.

Furthermore, the First Amendment does not authorize the filing of a lawsuit to recover damages. Instead, plaintiff can only seek damages for a violation of his constitutional rights in accordance with 42 USC § 1983 which provides in relevant part as follows:

> *Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia,* subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. (Emphasis added).

A plaintiff asserting a claim for relief under 42 USC § 1983 must allege a factual basis that satisfies the following factors: (1) a violation of rights protected by the Constitution or created by federal statute (2) proximately caused (3) by conduct of a person (4) acting under color of state law. *Crumpton v. Gates*, 947 F2d 1418, 1420 (9th Cir 1991). Even if plaintiff was denied his freedom of religion by his sister, he is precluded from initiating a lawsuit against her

under 42 USC § 1983 because she is a private party and not a person acting under color of state law.

A cause of action for violation of constitutional rights also may lie against federal officials. In *Bivens v. Six Unknown Federal Narcotics Agents*, 403 US 388 (1971), the Supreme Court held that "victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right." *Carlson v. Green*, 446 US 14, 18 (1980). A *Bivens* action must be brought against the responsible federal official in his or her individual capacity for damages. *Daly-Murphy v. Winston*, 837 F2d 348, 355 (9th Cir 1987). *Bivens*, however, is not applicable here because the defendant was not acting on behalf of the federal government when choosing hymns at her grandmother's memorial service or acted rudely towards plaintiff.

In other words, the United States Constitution protects only against wrongful acts by state actors or federal officials, not by private parties. Although this court can understand why plaintiff has reason to be distressed at his sister's conduct at their grandmother's funeral, not every family conflict has a legal remedy in court. Federal question jurisdiction is unavailable if the federal claim upon which it is based is patently without merit. *Yokeno v. Mafnas*, 973 F2d 803, 808 (9th Cir 1992). This court can discern no legally cognizable claim by plaintiff against defendant for violation of any federal law or the United States Constitution.

Alternatively, plaintiff may be able to invoke diversity jurisdiction under 28 USC § 1332. Diversity jurisdiction requires that all plaintiffs be of different citizenship than all defendants. *Pullman Co. v. Jenkins*, 305 US 534, 541 (1939). To establish diversity jurisdiction, plaintiff must allege that he resides in the State of Oregon, that all of the defendants reside in other states,

5 - FINDINGS AND RECOMMENDATION

and that plaintiff seeks damages of more than $75,000. Plaintiff resides in and presumably is a citizen of, the State of Oregon and the alleged amount in controversy exceeds $75,000. Plaintiff fails to allege that defendant is a citizen of a different state. If he did so, then this court may have diversity jurisdiction.

However, in that event, it is far from clear what claim plaintiff could assert against defendant under state law. Even if he could allege a viable state law claim, it is apparent that this court would not then have personal jurisdiction over defendant, as discussed below.

## II. **Personal Jurisdiction**

Whenever a judgment is sought against a defendant personally, such as for money damages or an injunction, the court must have personal jurisdiction over the defendant. Plaintiff has the burden to allege and prove sufficient facts to establish personal jurisdiction over defendants. *Brainerd v. Governors of the Univ. of Alberta*, 873 F2d 1257, 1258 (9th Cir 1989). "[A] federal district court can assert personal jurisdiction to the extent authorized by a particular federal statute governing service of process for the action being heard or, where no such particularized statute applies, to the extent authorized by the law of the state in which the district court sits." *T.M. Hylwa, M.D., Inc. v. Palka*, 823 F2d 310, 312 (9th Cir 1987). Since there is no particular federal statute which governs service of process for the action alleged here, Oregon law applies.

Oregon permits a court to exercise jurisdiction over any party so long as "prosecution of the action against a defendant in this state is not inconsistent with the Constitution of this state or the Constitution of the United States." ORCP 4L. Oregon's long-arm statute is coextensive with the limits of federal due process. *Gray & Co. v. Firstenberg Mach. Co., Inc.*, 913 F2d 758, 760

(9th Cir 1990). Thus, plaintiff must establish that jurisdiction is proper under Oregon's long arm statute and that it comports with the requirements of due process. *Lake v. Lake*, 817 F2d 1416, 1420 (9th Cir 1987).

A federal court can exercise general personal jurisdiction as to persons domiciled within the forum state at the time the action is commenced. *Milliken v. Meyer*, 311 US 457 (1940). In other words, this court has personal jurisdiction over residents of the state of Oregon.

With respect to a defendant who does not reside in Oregon, plaintiff must allege and prove this court has either general jurisdiction or specific jurisdiction over that defendant. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F2d 834, 839 (9th Cir 1986). General jurisdiction exists when a defendant has "continuous and systematic" or "substantial" contacts with the forum state. *Federal Deposit Ins. Corp v. British American Ins. Co.*, 828 F2d 1439, 1442 (9th Cir 1987); *Lake*, 817 F2d at 1420. To establish specific jurisdiction, a three-part test must be satisfied: "(1) the nonresident defendant must have <u>purposefully availed</u> himself of the privilege of conducting activities in the forum by some affirmative act or conduct; (2) plaintiff's claim must <u>arise out of</u> or result from the defendant's forum-related activities; and (3) exercise of jurisdiction must be <u>reasonable</u>." *Roth v. Garcia Marquez*, 942 F2d 617, 620-21 (9th Cir 1991) (emphasis in original). The plaintiff must establish each of these factors for jurisdiction to lie. *McGlinchy v. Shell Chem. Co.*, 845 F2d 802, 817-l8 n10 (9th Cir 1988); *see also Haisten v. Grass Valley Medical Reimbursement Fund, Ltd.*, 784 F2d 1392, 1397 (9th Cir 1986) (plaintiff bears burden of proving jurisdiction).

In other words, plaintiff's claims against nonresident defendants must arise out of their activities in Oregon. In the absence of any attempt to show that such defendants purposefully

availed themselves of the privilege of conducting activities in Oregon, claims against such defendants must be dismissed for lack of personal jurisdiction. *See, e.g., Sher v. Johnson*, 911 F2d 1357, 1361 (9th Cir 1990).

The attachment to the Complaint reveals that plaintiff traveled to Kansas for his grandmother's memorial service. Therefore, all of defendant's conduct about which plaintiff complains occurred in Kansas, not Oregon. Because plaintiff's claims against defendant arise solely out of activities in Kansas, this court lacks personal jurisdiction over defendant.

## **RECOMMENDATION**

Based on the foregoing, plaintiff's application to proceed *in forma pauperis* (docket #1) should be granted, but the Complaint (docket #2) should be dismissed with prejudice for lack of subject matter and personal jurisdiction and without service of process.

## **SCHEDULING ORDER**

Objections to the Findings and Recommendation, if any, are due **June 17, 2005.** If no objections are filed, then the Findings and Recommendation will be referred to a district court judge and go under advisement on that date.

If objections are filed, then a response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will be referred to a district court judge and go under advisement.

Failure to timely file objections to any of these findings will be considered a waiver of a party's right to *de novo* consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in any order or judgment entered by the district court.

**NOTICE**

This Recommendation is not is immediately appealable to the Ninth Circuit Court of Appeals. Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

DATED this 31st day of May, 2005.

/s/ Janice M. Stewart_____
Janice M. Stewart
United States Magistrate Judge